In the Matter of DAVID W. FRANKEL et al., Individually and as Copartners Doing Business as 724 FIFTH AVENUE REALTY Co., Petitioners. GABOR EDER, Respondent.

Supreme Court, Special Term, New York County, February 17, 1950.

*Pfeiffer & Crames* for respondent.

*Jerome L. Greene* for petitioners.

STEUER, J. The reasonable rent for the premises in question has been fixed but there remains for decision the question of from what date the reasonable rent would be in effect. Petitioner claims that the rental fixed should be retroactive to the date of institution of the proceedings. Respondent claims that the correct date is when the rental is fixed by the court. Both parties rely on the statute itself (L. 1945, ch. 314, § 4, as amd. by L. 1949, ch. 535, § 4) and both claim the absence of any controlling interpretation.

The suit was brought under the so-called alternative method of fixing rent which is contained in the third paragraph of the section. After stating how the rent is to be calculated the section reads " Thereafter the landlord shall be entitled to receive rent at the rate per square foot so determined and the court shall fix the rent of any tenant occupying space in such building or other rental area and who is paying rent at a rate per square foot less than the fair rental value so fixed ". It would appear that the right of the landlord begins at determination. However, the general provisions in the beginning of the section provide " The rent to be so fixed shall be a reasonable

rent based on the fair rental value of the tenant's business space as of the date the application to the supreme court or submission to arbitration is made ''. This, of course, is rather a direction as to the fixing of the rent than a statement as to when the rent so fixed would be effective. And if the rental value of the premises should have changed in the meantime it would seem an absurd procedure to direct the court to fix rent as of one date and to make it effective as of a date when it no longer represented reasonable value. It is most likely that the Legislature envisioned a summary procedure in which the hearing followed the petition so closely that any distinction in dates would be of minimum significance. In practice this has not proven to be true and the distinction makes a considerable difference in many cases.

If decision is to be put on narrow grounds it would appear that, at least in the case of proceedings under the alternative method, the rental should not be operative until fixed. If broader grounds are the basis of determination there is still room for weighty argument on both sides. In the case at bar, as in many others, the increase granted was very substantial and there is every reason to believe that the tenant can not meet it and will vacate. It is extremely harsh to require him to leave the premises under a burden of debt for which he in fact never contracted. On the other hand, proceedings of this kind are frequently protracted to enable tenants to remain in space which is either beyond their means or their willingness to pay and a determination that the rent is not effective until decision cannot fail to encourage protraction.

In view of these contrasting equities it is best to follow what the Legislature has actually stated. The result is that the sentences beginning '' When the amount of such basic return has been determined '', followed by '' Thereafter the landlord shall be entitled to receive rent '' mean what they usually mean and that is when something has been done, something else will follow. So the reasonable rent begins as of the date of its fixing, in this case the date of trial.

In so finding, attention has been called to unreported decisions to the contrary. It is always desirable to have uniformity of decision. Unfortunately this statute leaves itself by virtue of its unfortunate phrasing and the agglutinative nature of its formulation to diverse views and interpretations. This is not helped by the rapidity with which it changes form. Until authoritative holdings are made such divergencies are practically inevitable. Order signed.